BANK OF DUPLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12950. Promulgated June 15, 1928.

*Edward C. Craft, C. P. A.*; for the petitioner.
*Paul L. Peyton, Esq.*, and *Hugh Brewster, Esq.*, for the respondent.

OPINION.

MILLIKEN: Here it is plain that this note was worthless in 1920, and that petitioner ascertained that fact in 1920, and determined to charge it off as a loss for the year 1920. The actual physical act of making the entry was not performed until April 1921; but it was done as a 1920 loss and before the books were ruled off and closed for that year. Under such circumstances, we have frequently held

that the Act of 1918 was substantially complied with and the deduction allowable.

In *A. W. Blackie*, 2 B. T. A. 747, it was said in part:

The law does not contemplate unreasonable things. The proper entries charging off the sum of $170,879.91 were made on the general books of the copartnership within a reasonable time and before its books were closed for the calendar year 1918. This is sufficient to comply with the requirements of the statute.

Relative to the requirement that the debt be charged off within the taxable year it was said in *Mason Machine Works Co.*, 3 B. T. A. 745:

This language must be interpreted in the light of the ordinary course of business practice. It is not the physical act done within the year to which Congress has referred, but to the setting up of evidence of the ascertainment of worthlessness substantially as of the date of such ascertainment and in confirmation thereof.

In *George H. Fraser*, 6 B. T. A. 997, the Board said:

The purpose of the statute appears to be to require that some record be made of the ascertainment of worthlessness. An interpretation of the statute which would deny any deduction except when a charge-off was made upon books of account within the limits of the calendar year, especially when it is considered that closing entries are not usually made until after the close of the year, would work a hardship which we can not believe was intended or is required and would attach to acts which are merely clerical an importance as great as is to be given to the substance of the situation. The statute must be given a reasonable interpretation, if possible. Clearly it was the intent that a deduction should be allowed for worthless debts in the year in which worthlessness was ascertained and that the charging-off of the debt might take other forms than entries on the books of the taxpayer.

In *Mosher Manufacturing Co.*, 7 B. T. A. 187, debts ascertained to be worthless in 1920, and which were not charged off until January 15, 1921, were held deductible.

In *State Bank of Alcester*, 8 B. T. A. 878, certain debts were ascertained to be worthless in 1920, but bookkeeping entries charging them off were not made until March 7, 1921. In holding that they were allowable, the Board said:

While it appears that the petitioner did not make the bookkeeping entries charging off the accounts until after the end of the year, it did so as of December 31, 1920, before the books were closed. The petitioner treated the matter as a part of the year's transactions and determined its profits for the year on the basis of the elimination of accounts. In our opinion the petitioner is entitled to the deductions claimed on account of the said debts.

To the same effect is *Imperial Furniture Co.*, 9 B. T. A. 713, where the actual entries charging off were made in February or March of the succeeding year.

The cases of *Ed. C. Lasater*, 1 B. T. A. 956, and *Georgetown Grocery Co.* v. *United States*, 63 Ct. Cls. 160, are not in point as in both it was held that the debt was not ascertained to be worthless within the taxable year.

In *Murchison National Bank*, 1 B. T. A. 617, the taxpayer sought to write off for 1920 a debt for which it had security of which it had not disposed, but the value of which it estimated and substracted from the debt. It was held that under such facts the debt had not been ascertained to be worthless in 1920, but the Board said:

> If taxpayer at the close of the year 1919 had disposed of the security and applied the proceeds thereof to reducing the debt, the debt as reduced, if in fact worthless, and so ascertained after usual and reasonable means had been exhausted to collect it, would have been the proper subject of a charge off.

This is peculiarly applicable to the instant case. The note was worthless in 1920 and petitioner's officials ascertained the fact. All that was done thereafter was merely to make a record of the transaction on the books as to what happened in 1920.

We think these decisions are controlling and hold that the balance of $11,057.24 on the note of Yarboro & Merritt is deductible as a worthless debt from 1920 income.

*Judgment will be entered under Rule 50.*